James D. Holman, ISB #2547
THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| TAMMY KECZMER,<br><br>    Plaintiff,<br><br>v.<br><br>BASIC AMERICAN, INC. dba BASIC AMERICAN FOODS,<br><br>    Defendant. | Case No. _____<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Tammy Keczmer, for cause of action against Defendant Basic American, Inc. dba Basic American Foods, states and alleges as follows:

1. This is a claim under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2611 et seq. This court has jurisdiction pursuant to 29 U.S.C. § 2617(a).

2. Plaintiff is an "eligible employee" within the meaning of 29 U.S.C. § 2611(2). Plaintiff began working at Defendant Basic American, Inc., on January 27, 2002 at its Blackfoot, Idaho plant.

1 -    COMPLAINT AND DEMAND FOR JURY TRIAL

3. Defendant Basic American, Inc. is a covered employer within the meaning of 29 U.S.C. § 2611(4) in that Basic American, Inc. is engaged in commerce or in an activity affecting commerce, and employs 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

4. On February 12, 2010 defendant terminated plaintiff from employment effective February 8, 2010. The reason which defendant gave for said termination was absence without leave ("AWOL").

5. Plaintiff's supervisor Deena Beach sent plaintiff home from work on February 2, 2010; plaintiff was absent from work on February 3, 2010; and was also absent from work on February 6, 7 and 8 2010.

6. Plaintiff was absent from work and left work early on the above-noted dates because she had a serious health condition within the meaning of 29 U.S.C. § 2611(11) and within the meaning of 29 C.F.R. § 825.114(2).

7. Plaintiff was absent from work and left work early in order to care for herself because of her serious health condition.

8. On February 2, 2010, defendant was aware of plaintiff's serious health condition when Deena Beach sent plaintiff home from work due to illness. On February 3, 6, 7 and 8 plaintiff provided defendant all necessary notice of her serious medical condition in accordance with the requirements of the Family and Medical Leave Act. On February 12, 2010 plaintiff provided defendant with a doctor's note confirming her serious medical condition as defendant requested and in accordance with the requirements of the Family and Medical Leave Act.

2 -    COMPLAINT AND DEMAND FOR JURY TRIAL

9. Notwithstanding the fact that plaintiff's absence from work was due to a serious medical condition, and notwithstanding the fact that plaintiff provided defendant with all notice required by the Family and Medical Leave Act, and notwithstanding the fact that plaintiff's absences were protected absences under the Family and Medical Leave Act, defendant did, on February 12, 2010, terminate plaintiff from her employment because of her absences from work on February 3, 6, 7 and 8, 2010. Defendant's conduct was a violation of the Family and Medical Leave Act, entitling plaintiff to all remedies under the act.

10. Pursuant to 29 U.S.C. § 2617, plaintiff is entitled to the following remedies:

   a. Lost wages and benefits from and after the date of termination to date of trial, in an amount to be proven at trial;

   b. Interest on said lost wages and benefits;

   c. Liquidated damages equal to the amount of lost wages and benefits;

   d. Front pay in an amount to be determined at trial.

11. Pursuant to 29 U.S.C. § 2617(a)(3), plaintiff is entitled to an award of a reasonable attorney fees, reasonable expert witness fees and other costs of the action to be paid by defendant.

Wherefore, plaintiff prays the judgment, order and decree of this court as follows:

1. For judgment against defendant for plaintiff's back pay and benefits, plus interest thereon, in an amount to be determined at trial;

2. For liquidated damages in an amount equal to back pay and interest;

3. For front pay in an amount to be proven at trial;

4. For plaintiff's attorney fees, expert witness fees, and costs of litigation incurred herein; and

3 -   COMPLAINT AND DEMAND FOR JURY TRIAL

5.  For such other and further relief as the court deems just and proper.

DATED this 7 day of December, 2010.

THOMSEN STEPHENS LAW OFFICES, P.L.L.C.

By: *James D. Holman*
James D. Holman, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED this 7 day of December, 2010.

THOMSEN STEPHENS LAW OFFICES, P.L.L.C.

By: *James D. Holman*
James D. Holman, Esq.

JDH:skp
7697\001 complaint.wpd

4 -   COMPLAINT AND DEMAND FOR JURY TRIAL